```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

FIFE M. WHITESIDE, *Trustee in Bankruptcy*,

    Plaintiff,

vs.                              CASE NO. 4:16-CV-313 (CDL)

GEICO INDEMNITY COMPANY,

    Defendant.

O R D E R

The Court deferred ruling on Plaintiff's objections to GEICO's designations from the deposition of Bonnie Winslett pending supplemental briefing from the parties. The parties agree that Winslett's deposition will only be used in lieu of live testimony if that use is permitted under Federal Rule of Civil Procedure 32. But because Winslett is transient, the parties assert that it may not be possible to ensure her presence at trial, and the parties would like to have her deposition ready to go as a backup. The Court will therefore rule on Plaintiff's objections to GEICO's designations and GEICO's objections to Plaintiff's counter-designations.

**I. Plaintiff's Objections to GEICO's Designations (ECF No. 69)**

GEICO agrees to exclude 9:13-18, 19:21-20:19, 21:10-12, and 23:8-15. Plaintiff's objections to those designations are therefore sustained. Plaintiff also objects to the following

designations as irrelevant and as potentially confusing or misleading: 19:9-20, 20:20-21:9, 21:13-20, and 21:21-22:6.  This testimony explains how Winslett knew Karen Griffis, the owner of the car and the policyholder for the GEICO insurance policy (they had been friends for a couple years and did crack together).  It also explains how Winslett came to be driving Griffis's car on the day of the wreck at issue in the case (Griffis wanted to use Winslett's apartment to turn a trick and wanted some privacy, so she lent her car to Winslett).  It is therefore relevant.  While it may not be terribly flattering, it is not confusing or misleading.  Plaintiff's objections are overruled.

**II. GEICO's Objections to Plaintiff's Designations (ECF No. 82)**

GEICO objects to the following counter-designations from Winslett's Deposition:

Winslett Dep. 57:17-59:11.  GEICO objects to this testimony as irrelevant.  The first part of this testimony relates to Winslett's after-the-fact impressions of the extent of Terry Guthrie's injuries and is irrelevant.  The second part of this testimony is about how Winslett had a fight with her boyfriend on the morning of the deposition and is also irrelevant.  Objection sustained.

Winslett Dep. 61:1-65:9.  GEICO objects to this testimony because it relates to matters that have been excluded based on

the Court's rulings on GEICO's motions in limine ## 2 and 19, and it also contains hearsay. The Court agrees. Objection sustained.

Winslett Dep. 86:7-87:11. GEICO objects to this portion of Winslett's deposition, which is a back-and-forth between Winslett and GEICO's counsel, with some interjections from Plaintiff's counsel, regarding Winslett's perception that GEICO's counsel is "slick" and is trying to confuse her by reading a letter to her. The Court agrees that this portion is irrelevant. Objection sustained.

Winslett Dep. 89:1-90:7. GEICO objects to portion of the deposition as irrelevant. It is a back-and-forth between Winslett, GEICO's counsel, and Plaintiff's counsel regarding how Winslett is doing her best to answer counsel's questions. The Court agrees that this portion is irrelevant. Objection sustained.

Winslett Dep. 94:17-21. GEICO raised a relevance objection to this question and answer about whether Winslett considers herself to be mentally retarded (she doesn't). This objection is overruled because Winslett's mental status is relevant in this case.

Winslett Dep. 100:12-101:6. GEICO also raised a relevance objection to this testimony. When counsel asked Winslett if there was anything else she would like to share, she apologized

3

for the underlying car wreck, said she made a mistake, and explained what she was thinking before the wreck. This testimony is not irrelevant. Objection overruled.

Winslett Dep. 110:3-112:15. In this portion of the deposition, Winslett testifies that she has been "clean" for two years, that she still lives with drug users and therefore gets little sleep, that the deposition has been difficult for her, and that she was not on any medication at the time of her deposition. GEICO objects to this testimony as irrelevant. But the Court finds that this testimony is at least somewhat relevant to Winslett's credibility. Objection overruled.

IT IS SO ORDERED, this 9th day of April, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA