IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FIFE M. WHITESIDE, *Trustee in Bankruptcy*,

    Plaintiff,

vs.

GEICO INDEMNITY COMPANY,

    Defendant.

CASE NO. 4:16-CV-313 (CDL)

O R D E R

The trial of this action is scheduled to begin on June 18, 2018. Defendant GEICO Indemnity Company moved to bifurcate the trial so that the issue of liability is tried separately from the issues of causation and damages. As discussed below, GEICO's present motion to bifurcate (ECF No. 89) is denied. The Court still plans to bifurcate the issue of the amount of punitive damages.

**I. Background**

As the Court previously recounted, GEICO rejected a time-limited offer to settle a liability claim within its insured's policy limits. At that time, coverage existed under the GEICO policy. After the time-limited demand expired without acceptance, the injured person filed an action against the driver of the vehicle, who for purposes of the present discussion would have been a covered insured under the GEICO

policy when the lawsuit was filed. The defendant in that action allowed the case to go into default, and a default judgment was entered against her in the amount of $2,916,204.00. GEICO unsuccessfully sought to have that judgment set aside both by the trial court and the Georgia Court of Appeals.

The injured plaintiff subsequently filed an involuntary bankruptcy petition against the defendant, and the bankruptcy trustee filed this action against GEICO to recover for bad faith or negligent failure to settle the underlying personal injury claim. GEICO claims that it has no liability for such a claim because it had no opportunity to defend the underlying action before it went into default and because the actions of its insured (the defendant in the underlying action) in allowing the matter to go into default were the sole proximate cause of any damages she suffered. The Court previously denied summary judgment on these issues, and the case is scheduled for a jury trial. *See generally Whiteside v. GEICO Indem. Co.*, No. 4:16-CV-313 (CDL), 2017 WL 6347174, at *7 (M.D. Ga. Dec. 12, 2017). The Court also previously concluded that the amount of the default judgment is relevant to the issue of damages and denied GEICO's motion to exclude it. *Whiteside v. GEICO Indem. Co.*, No. 4:16-CV-313 (CDL), 2018 WL 1535484, at *5 (M.D. Ga. Mar. 29, 2018). Now, GEICO asks the Court to exclude the amount of the default judgment until after the jury decides the issue of

liability—whether GEICO acted unreasonably in rejecting the policy limits settlement demand.

**II. Discussion**

Under Federal Rule of Civil Procedure 42(b), the Court "may order a separate trial of one or more separate issues [or] claims" "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Here, GEICO argues that the amount of the default judgment is unduly prejudicial because it may distract the jury from GEICO's liability arguments; that the issues of liability and damages are completely separate and distinct; and that separating these issues will promote judicial economy because the jury will be able to focus on the "complicated" issue of liability. The Court disagrees. First, the issue of liability is not unreasonably complicated as GEICO argues. Second, the Court is convinced that a properly instructed jury will be able to decide whether GEICO unreasonably failed to accept the settlement offer without being distracted by the amount of the default judgment. Therefore, bifurcation is not necessary to avoid prejudice. Third, the issues are not completely separate because a number of facts related to GEICO's handling of the injured party's claim are relevant both to the issue of liability and to the issue of whether and to what extent GEICO's actions caused damages to the insured. If the Court ordered bifurcation of these issues, it

3

could result in a repetitive retrial of the same issues. For these reasons, the Court finds that separation of the liability and damages issues in this case is not warranted.

CONCLUSION

For the reasons set forth above, GEICO's present motion to bifurcate (ECF No. 89) is denied. The Court reaffirms its prior decision to bifurcate the issue of the amount of punitive damages.

IT IS SO ORDERED, this 25th day of May, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA